# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SHARIF A. MUHUMMAD,

    Petitioner,

v.          CASE NO. 10-3084-RDR

WARDEN CHESTER, et al.,

    Respondents.

## MEMORANDUM AND ORDER

This matter was filed in the United States District Court for the Western District of Missouri as a "Motion for Preliminary Injunction." It was construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and transferred to this court because petitioner is confined at the Federal Prison Camp, Leavenworth, Kansas. Petitioner asserts jurisdiction under § 2241 as well as 28 U.S.C. §§ 1331, 1343(4), but apparently filed this matter as preliminary injunction motion to "expedite the review process." The filing fee for a habeas action has been paid[1].

Having considered all materials in the file, the court finds as follows. Petitioner seeks to challenge disciplinary action taken against him at the prison. In support of his petition, he alleges as follows. On October 23, 2009, he was found guilty for refusing an order and failing to follow work instructions. He was sanctioned with 90 days loss of telephone, commissary and visitation privileges.

As one ground for this petition, Mr. Muhummad claims that he was denied his right under <u>Wollf v. McDonnell</u>, 418 U.S. 539 (1974),

---

[1] The filing fee for a civil action under 28 U.S.C. § 1331 is $350.00.

to call witnesses on his behalf at this disciplinary proceeding. In support, he alleges that the Unit Disciplinary Committee (UDC) refused to allow him to call witnesses, whom he believed would have provided information that could have exonerated him of all charges.

As a second ground, Mr. Muhummad claims that Case Manager Mr. Ball is "now presiding over these prior proceedings" and is not impartial as required by <u>Wolff</u>. In support he alleges that Mr. Ball was on the hearing committee that found petitioner guilty in a prior disciplinary action, which petitioner appealed and that was remanded for further review. He claims that Mr. Ball is "using this incident" to retaliate, and failed to consider a lesser sanction or explain why sanctions could not be deferred pending clear conduct. He also complains that no explanation was given as to why such harsh sanctions were imposed.

As a third ground, petitioner appears to claim insufficiency of the evidence. In support, he alleges he should not have been found guilty even though he admits he refused to work, because the area in which he refused to work was not his assigned job detail.

Mr. Muhummad seeks a preliminary injunction to put his disciplinary sanctions "on hold until the conclusion of his administrative remedies" or a decision by this court. He claims that without this remedy he will suffer irreparable harm because he will have served his sanctions for lost privileges that were imposed in violation of his due process rights. The court finds that petitioner has not alleged facts that would sustain his heavy burden to establish his entitlement to the extraordinary remedy of a preliminary injunction.

The court further finds that this action was properly construed

2

as a habeas corpus petition under § 2241, and that it is subject to being dismissed for two main reasons. First and foremost, Mr. Muhummad has clearly failed to satisfy the exhaustion prerequisite to federal court review. He effectively admits that he has not exhausted administrative remedies within the Bureau of Prisons (BOP), but claims that if he is "forced to appeal his case through" the BOP administrative remedy process, he will "have served his complete sanction." He argues that this would constitute "irreparable harm" and that administrative exhaustion is "not a jurisdictional requirement". Petitioner's arguments are contrary to well-settled case law. It has long been held that exhaustion of all available administrative remedies is a prerequisite to a federal prison inmate seeking judicial review of administrative action by the BOP and federal habeas corpus relief pursuant to 28 U.S.C. § 2241. See Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir.1986); see also Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2nd Cir. 2001); Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir. 1981). Administrative exhaustion is generally required for three valid reasons: (1) to allow the agency to develop a factual record and apply its expertise, which facilitates judicial review; (2) to permit the agency to grant the relief requested, which conserves judicial resources; and (3) to provide the agency the opportunity to correct its own errors, which "fosters administrative autonomy". See Moscato v. Federal BOP, 98 F.3d 757, 761-62 (3rd Cir. 1996).

There are "limited exceptions" to the exhaustion prerequisite, including "a narrow futility exception", which the Tenth Circuit Court of Appeals has "recognized in the context of petitions brought

under 28 U.S.C. § 2254"; and "other circuits have recognized in the context of petitions brought under § 2241". See Ciocchetti v. Wiley, 358 Fed.Appx. 20, 24 (10th Cir. Dec. 22, 2009)[2](citing see Fairchild v. Workman, 579 F.3d 1134, 1155 (10th Cir. 2009); see e.g., Fazzini v. Northeast Ohio Corr. Ctr., 473 F.3d 229, 236 (6th Cir. 2006)). Such exceptions "apply only in 'extraordinary circumstances,' and [petitioner] bears the burden of demonstrating the futility of administrative review." See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994)(citations omitted). Petitioner's irreparable harm argument does not satisfy that burden. Exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will not obtain relief on administrative appeal before his sanctions have been fully served. Likewise, petitioner's allegation that being required to exhaust will result in his having to endure administrative sanctions, in and of itself, is not such an extraordinary circumstance as to warrant waiver of the exhaustion requirement. The Supreme Court has required even those inmates claiming entitlement to immediate release to exhaust administrative remedies. Faced with the argument "that to require exhaustion of state remedies . . . would deprive a . . . prisoner of the speedy review of his grievance which is so often essential to any effective redress," that Court acknowledged that "exhaustion of . . . remedies takes time" but concluded "there is no reason to assume that . . . prison administrators . . . will not act expeditiously." Preiser v. Rodriguez, 411 U.S. 475, 494-95 (1973). Petitioner has shown neither a "peculiar urgency" nor that his

---

[2] This and other unpublished cases herein are cited for persuasive value only, and not as precedent.

administrative remedies would be futile.  In short, he has not met his burden of showing extraordinary circumstances exempting him from the exhaustion requirement.  Accordingly, the court finds this § 2241 petition is subject to being dismissed for failure to exhaust[3].

Second, Mr. Muhummad's claim that he is entitled to relief under <u>Wolff</u> is without legal merit.  <u>Wolff</u> set forth the due process protections required in a disciplinary action that resulted in the loss of a recognized liberty interest such as good time credit[4].  Petitioner in this case was sanctioned with a loss of privileges only, and not the loss of good time.  The existence of a liberty interest depends upon the nature of the interest asserted.  See <u>Sandin v. Conner</u>, 515 U.S. 472, 480 (1995)[5].  There is no liberty interest in a loss of privileges for 90 days.  See <u>Blum v. Federal</u>

---

[3] While the Supreme Court has held that the failure to exhaust administrative remedies must be pleaded as an affirmative defense under the Prison Litigation Reform Act ("PLRA"), <u>see</u> <u>Jones v. Bock</u>, 549 U.S. 199 (2007), the PLRA does not apply to federal habeas proceedings.  Nothing in <u>Jones</u> prohibits the sua sponte dismissal of a section 2241 petition on exhaustion grounds.

[4] A disciplinary action that deprives a prisoner of a significant liberty interest, such as the denial of earned good time credits, must afford the prisoner the minimal due process guarantees recognized in <u>Wolff v. McDonnell</u>, namely "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action."  <u>Mitchell v. Maynard</u>, 80 F.3d 1433, 1445 (10th Cir. 1996)(internal quotation omitted).

[5] The Supreme Court clarified in <u>Sandin</u> that due process claims related to prison discipline must be evaluated according to the nature of the deprivation imposed as sanction.  They held that the Due Process Clause applies only if the sanctions at issue exceed the prisoner's sentence "in such an unexpected manner as to give rise to protection by the Due Process Clause of [their] own force" and do not violate any other constitutional provision.  <u>Id</u>. at 484.  The Court concluded that a prisoner is entitled to due process before he is subjected to conditions that "impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  The Court held that because the disciplinary action of segregation would not inevitably affect the duration of the plaintiff's sentence, procedural due process protection was not required.  <u>Sandin</u>, at 487; <u>see</u> <u>also</u> <u>Talley v. Hesse</u>, 91 F.3d 1411, 1414 (10th Cir. 1996).  The Tenth Circuit Court of Appeals has similarly reasoned that "the imposition of disciplinary segregation that does not itself inevitably affect the duration of the prisoner's sentence does not implicate a liberty interest entitled to procedural due process protection."  <u>Gandy v. Ortiz</u>, 122 Fed.Appx. 421, 422 (10th Cir. Feb. 10, 2005)(citing <u>Sandin</u>, 515 U.S. at 485-87).

5

Bureau of Prisons, 189 F.3d 477, *3 (10th Cir. Aug. 23, 1999)(Table)(concluding 90-day confinement without store privileges, radio and phone calls did not differ in significant degree and duration to create a protected liberty interest). It follows that petitioner was not entitled to the procedural protections set forth in Wolff prior to having the challenged sanctions imposed, and his claims based upon Wolff do not entitle him to relief.

Petitioner shall be given time to show cause why this action should not be dismissed for the reasons stated in this Memorandum and Order. If he fails to show cause within the time provided, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that petitioner is granted twenty (20) days in which to show cause why this action should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

**DATED: This 13th day of May, 2010, at Topeka, Kansas.**

    **s/RICHARD D. ROGERS**
    **United States District Judge**